UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER ALLGOOD, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-2721 |
| § | |
| STEPHANIE CURTIS, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff Christopher Allgood filed a complaint under 42 U.S.C. § 1983 alleging violations of his First and Fourteenth Amendment rights. Defendants Stephanie Curtis, Joyce Batson, and Jose Nava have all filed motions to dismiss. Batson also filed a motion for summary judgment. Allgood has responded to the motions. For the reasons stated below, the motions to dismiss by Curtis and Nava, and the motion for summary judgment by Batson, are granted, and plaintiff's claims are dismissed with prejudice.

**I.    Background**

Allgood alleges that, on April 10, 2013, defendant Nava, a Texas Department of Criminal Justice ("TDCJ") Correctional Officer, confiscated Allgood's legal materials in violation of TDCJ policy. Plaintiff's More Definite Statement ("MDS") at 3. Nava informed Allgood that he was confiscating the papers because Allgood's personal property exceeded the volume of personal property permitted under TDCJ rules. *Id.* Allgood alleges that he did not receive proper paperwork for the confiscated property. *Id.* He further contends that TDCJ does not limit the amount of legal material an inmate can possess. Allgood further alleges that he needed the confiscated material to give proposed findings of fact to Texas' Fourth Court of Appeals concerning alleged mistakes in Allgood's trial. *Id.* at 4. Allgood contends that Nava's alleged actions violated Allgood's First

Amendment right of access to the courts, and constituted a taking of Allgood's property without due process of law, in violation of the Fourteenth Amendment.

Defendant Curtis is the property supervisor at Allgood's unit. Allgood contends that she violated his First and Fourteenth Amendment rights by improperly withholding and destroying his legal materials. *Id.* at 1.

At all times relevant to this case, defendant Batson was the District Clerk for Madison County, Texas. Allgood filed a lawsuit in the 278th District Court of Madison County. *Id.* at 2, 4. He sent some documents, identified as an "Exhibit/Evidence package," to the Madison County District Clerk's Office. Allgood alleges that Batson did not enter his documents into the court record until after the 278th District Court dismissed his case, and the Tenth Court of Appeals dismissed his appeal. He contends that Batson's alleged actions and omissions deprived him of his First Amendment right of access to the courts.

## II. Analysis

### A. Standard of Review

#### 1. Motions To Dismiss

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

#### 2. Motion for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering

a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B.  Access to the Courts

Prison inmates have a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right requires that prison officials provide a reasonable opportunity to file non-frivolous legal claims. *Lewis v. Casey*, 518 U.S. 343, 353-54 (1996). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). To prevail on a claim of denial of access to the courts, a plaintiff must demonstrate actual harm. *Lewis*, 518 U.S. at 351.

#### 1.  Defendants Nava and Curtis

In order to prevail on this claim, Allgood must identify a non-frivolous, arguable underlying claim he wished to pursue. *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir.1997). Allgood fails to identify any such claim.

Allgood's complaint and more definite statement merely state in conclusory terms that he wished to present information to the Court of Appeals. He does not identify any specific claim or legal theory to which this information pertained. Because Allgood fails to identify any specific non-frivolous claim he wanted to litigate, he fails to identify any actual harm caused by the alleged acts and omissions of Nava and Curtis. They are therefore entitled to dismissal of Allgood's First Amendment claims against them for failure to state a claim upon which relief can be granted.

**2.     Defendant Batson**

Allgood contends that Batson impeded his access to the courts by failing to timely file evidence and exhibits he submitted in connection with his lawsuit in the 278th District Court. Again, however, Allgood cannot demonstrate any actual harm.

Texas law requires an inmate who files a civil suit in Texas District Court

> to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed *pro se*, other than a suit under the Family Code, accompanied by a certified copy of the inmate's account statement. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp.2013).

*Allgood v. Curtis*, No. 10-14-00160-CV, 2014 WL 3559278, at *1 (Tex. App.–Waco July 17, 2014, pet denied). The same chapter permits dismissal of a complaint by an inmate who files a false affidavit or unsworn declaration asserting poverty. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1) (West Supp.2013).

The defendants in Allgood's state court case moved for dismissal on the grounds that his claims were frivolous, and that he falsely asserted his inability to pay filing fees. Batson's Motion for Summary Judgment, Tab 3. The latter argument noted that Allgood deposited $525 into his account in the six months prior to filing his lawsuit, and cited Texas law holding that the test for indigence is whether the party could pay the costs if he "really wanted to and made a good faith effort to do so." *Id.* at 3 (citing *Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W. 2d 349, 351 (Tex. 1996).

The District Court dismissed Allgood's complaint as frivolous under TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 without specifying which provision of chapter 14 it relied upon. *Id.* at Tab 5. The Court of Appeals dismissed Allgood's appeal because he failed to file the required affidavit relating to previous filings. *Allgood* at *1. The documents Allgood tried to file did not contain an affidavit

relating to previous filings, or a rebuttal of the defendants' argument that his assertion of indigence was false.[1] Motion for Summary Judgment, Tab 9.

As with his claims against Curtis and Nava, Allgood fails to identify any non-frivolous claim that the District Court would have declined to dismiss had Batson timely filed Allgood's exhibits. Nor does he claim that her failure to file those exhibits impeded his ability to file the required affidavit or declaration on appeal. Therefore, Allgood fails to demonstrate any actual harm caused by Batson's failure to timely file his exhibits. Batson is therefore entitled to summary judgment.[2]

C. **Due Process**

Allgood also contends that the alleged confiscation and mishandling of his legal documents by Nava and Curtis constituted a taking of his property without due process of law. Allgood alleges that Nava confiscated his legal documents, and Curtis destroyed them, claiming that the volume of documents exceeded the amount an inmate is permitted to keep in his possession. Allgood argues that TDCJ policy does not limit the amount of legal material an inmate can possess.

In *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grds. by Daniels v. Williams*, 474 U.S. 327 (1986), the Supreme Court held that "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee . . . deprives an individual of property, provided that the state makes available a meaningful postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 531 (1984). Texas provides a legal remedy when a prisoner's property is lost or damaged by employees of the state prison system. *See* TEX. GOV'T CODE § 501.007.

---

[1] While Allgood submitted a document purporting to show a $0.00 balance in his account as of the date he filed his complaint, he did not rebut the defendants' assertion that he deposited over $500 into his account in the months immediately preceding the filing of the complaint. *Compare* Motion for Summary Judgment, Tab 9, Exh. H and Tab 3.

[2] Because resolution of this claim relies on documents outside the pleadings, summary judgment is appropriate, but dismissal under Fed. R. Civ. P. 12(b)(6) is not. *See, e.g., Fleischer v. United States Dep't of Veterans Affairs*, 955 F.Supp. 731, 734 (S.D. Tex. 1997). Because Batson is entitled to summary judgment, her motion to dismiss will be denied as moot.

Therefore, a meaningful postdeprivation remedy was available, and Allgood was not deprived of his property without due process of law. Defendants Curtis and Nava are entitled to dismissal of Allgood's due process claim.

### D. Conclusion

For the foregoing reasons, defendants Nava's and Curtis' motions to dismiss, and defendant Batson's motion for summary judgment, are granted. Defendant Batson's motion to dismiss is denied as moot.

### III. Order

It is ORDERED that:

1. Defendant Stephanie Curtis' motion to dismiss (Dkt. No. 13) is GRANTED;

2. Defendant Jose Nava's motion to dismiss (Dkt. No. 42) is GRANTED;

3. Defendant Joyce Batson's motion for summary judgment (Dkt. No. 35) is GRANTED;

4. Defendant Joyce Batson's motion to dismiss (Dkt. No. 29) is DENIED AS MOOT; and

5. The complaint (Dkt. No. 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 28th day of June, 2016.

_____
Kenneth M. Hoyt
United States District Judge